FILED

2017 MAR 24 PM 3:02

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

**CESAR CELIS,**

**Plaintiff,**

**CASE NO.:** 6:17-cv-529-ORL-41-TBS

**DIVISION:**

**vs.**

**TRANS UNION, LLC, MARINER FINANCE, LLC,**

**Defendant,**

---

**STATEMENT OF CLAIM**
**JURY DEMAND**

NOW COMES THE PLAINTIFF, CESAR CELIS, BY AND THROUGH COUNSEL, and for his Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.
2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681 et. seq [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Kissimmee, Osceola County, Florida.
4. Venue is proper in the Middle District of Florida, Orlando Division.

## PARTIES

5. The Defendants to this lawsuit are:

a. Trans Union, LLC ("Trans Union"), which is a Delaware limited liability company that maintains a registered agent in Leon County, Florida; and

b. Mariner Finance, LLC ("Mariner Finance"), which is a Maryland limited liability company that maintains a registered agent in Leon County, Florida.

## GENERAL ALLEGATIONS

6. Mariner Finance is reporting its trade line with account number 81120083**** with an erroneous status of Charged off ("Errant Trade Line").

7. This is false as Plaintiff paid the debt in full in 2015.

8. In 2014, Mr. Celis took out a loan from Sunbelt Credit for approximately $1,200.00. Mr. Celis gave Sunbelt the title of his vehicle as collateral. Sunbelt agreed to return the title to Mr. Celis after he paid the loan.

9. In 2014, Mr. Celis filed Chapter 13 bankruptcy.

10. In 2015, the Chapter 13 Bankruptcy case was dismissed.

11. Shortly after, Mr. Celis contacted Sunbelt to make a payment. A Sunbelt representative told Mr. Celis that it couldn't accept his payment because he was in bankruptcy. Shortly after, Sunbelt agreed to let Mr. Celis make payments on the account.

12. At some point Defendant Mariner Finance took over the loan from Sunbelt.

13. Mr. Celis contacted Defendant Mariner Finance to pay off the remaining balance. Defendant Mariner Finance told Mr. Celis that the remaining balance was $1,100.00. At that time, Mr. Celis only owed a balance of $200. Mr. Celis spoke with a manager and confirmed that the remaining balance was $200. Mr. Celis was told to make his final payment at a branch office to get his title.

14. In 2015, Mr. Celis made his final payment to the branch office and received the title to his car back.

15. In 2015, Mr. Celis obtained his credit report and noticed the Errant Trade Line. He then disputed the Errant Trade Line with the credit bureaus.

16. On or about October 28, 2016, Mr. Celis obtained his credit report and noticed that Defendant was still reporting the Errant Trade Line with a balance and charged off status.

17. On or about December 30, 2016, Mr. Celis submitted a letter to Trans Union disputing the Errant Trade Line. He explained that Sunbelt gave his title back when he paid the loan in full. He asked Trans Union to remove the inaccurate pay status of, "Charge off as bad debt" and to replace it with "Paid in Full". He also requested that the balance be removed from the Errant Trade Line.

18. On or about January 11, 2017, Mr. Celis received Trans Union's investigation results which showed that Mariner Finance deleted the balance. However, it showed that Mariner Finance retained the erroneous status of "Charged off" on the Errant Trade Line. Further, it showed that Mariner Finance retained a remark which stated, "Unpaid Balance, Charged Off."

19. On or about March 2, 2017, Mr. Celis obtained a new Trans Union credit report from Trans Union Credit Monitoring. This showed that Mariner Finance reported the Errant Trade Line with a status of "Collection/Charge off." There was also a remark that was reported which stated, "Charged off as bad debt."

20. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., Plaintiff has suffered credit and emotional damages. Due to the Defendants' failure to correct the

errors in his credit file, Plaintiff has been forced to refrain from applying for new credit or more favorable terms on existing credit lines. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in his credit file or improve his financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

**COUNT I**

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY MARINER FINANCE**

21. Plaintiff realleges the above paragraphs as if recited verbatim.

22. After being informed by Trans Union of Mr. Celis' consumer dispute of the incorrect status of the Errant Trade Line, Mariner Finance negligently failed to conduct a proper investigation of Mr. Celis' dispute as required by 15 USC 1681s-2(b).

23. Mariner Finance negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Trans Union to correct the erroneous status of "Charged off as bad debt" of the Errant Trade Line and report it as "Paid in Full."

24. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Celis' consumer credit file with Trans Union to which it is reporting such trade line.

25. As a direct and proximate cause of Mariner Finance's negligent failure to perform its duties under the FCRA, Mr. Celis has suffered damages, mental anguish, suffering, humiliation and embarrassment.

26. Mariner Finance is liable to Mr. Celis by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

27. Mr. Celis has a private right of action to assert claims against Mariner Finance arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Mariner Finance for damages, costs, interest and attorneys' fees.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY MARINER FINANCE

28. Plaintiff realleges the above paragraphs as if recited verbatim.

29. After being informed by Trans Union that Mr. Celis disputed the accuracy of the information it was providing, Mariner Finance willfully failed to conduct a proper reinvestigation of Mr. Celis' dispute.

30. Mariner Finance willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

31. As a direct and proximate cause of Mariner Finance's willful failure to perform its duties under the FCRA, Mr. Celis has suffered damages, mental anguish, suffering, humiliation and embarrassment.

32. Mariner Finance is liable to Mr. Celis for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Mariner Finance for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

33. Plaintiff realleges the above paragraphs as if recited verbatim.

34. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Celis as that term is defined in 15 USC 1681a.

35. Such reports contained information about Mr. Celis that was false, misleading, and inaccurate.

36. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Celis, in violation of 15 USC 1681e(b).

37. After receiving Mr. Celis's consumer dispute to the Errant Trade Lines, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

38. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mr. Celis has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

39. Trans Union is liable to Mr. Celis by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

40. Plaintiff realleges the above paragraphs as if recited verbatim.

41. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Celis as that term is defined in 15 USC 1681a.

42. Such reports contained information about Mr. Celis that was false, misleading, and inaccurate.

43. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Celis, in violation of 15 USC 1681e(b).

44. After receiving Mr. Celis' consumer dispute to the Errant Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

45. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mr. Celis has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

46. Trans Union is liable to Mr. Celis by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Trans Union for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

**JURY DEMAND**

Plaintiff hereby demands a trial by Jury.

Dated this 21st of March, 2017.

**Michael Tierney, P.A.**
Michael Tierney, Esquire
Florida Bar No.: 643475
918 Beard Avenue
Winter Park, Florida 32789-1806
Tel: (407) 740-0074
Attorney for Plaintiff