UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CESAR CELIS,

        Plaintiff,

v.

                              Case No. 16:17-cv-00529-CEM-TBS

TRANS UNION, LLC, and MARINER
FINANCE, LLC,

        Defendants.
_____/

**DEFENDANT MARINER FINANCE, LLC'S
NOTICE OF FINAL RESOLUTION OF ARBITRATION PROCEEDINGS
AND UNOPPOSED MOTION TO CONFIRM ARBITRATION AWARD**

Defendant, Mariner Finance, LLC ("Mariner"), by and through its undersigned attorneys and in accordance with Local Rule 3.01, sections 9 and 13 of the Federal Arbitration Act ("FAA"), and this Court's order granting Mariner's motion to stay and compel arbitration (DE 38), herby submits this, its Notice of Final Resolution of Arbitration Proceedings and Unopposed Motion to Confirm Arbitration Award, and in support thereof, states as follows:

**BACKGROUND**

Plaintiff initiated this action against Mariner on March 24, 2017 alleging violations of the Fair Credit Reporting Act. (See DE 1.) On July 24, 2017, this Court stayed these proceedings and compelled arbitration of Plaintiff's claims pursuant to a binding arbitration agreement between the parties. (See DE 38.)[1] Plaintiff submitted his claims to the American Arbitration Association on August 21, 2018. The American Arbitration Association administratively appointed H. David Luff, Esq. as the Arbitrator without objection on September 24, 2018. On or about March 26, 2019, the Arbitrator entered an order granting summary judgment in favor of Mariner and dismissing

---

[1] Among other things, the Court's order requires Mariner to notify the Court within 14 days of the final resolution of the arbitration proceedings. (DE 38.)

Plaintiff's claims with prejudice (the "Award"). True and correct copies of the parties' arbitration agreement, the notice of appointment of Arbitrator, and Award are attached hereto as required by section 13 of the FAA. 9 U.S.C. § 13.

Accordingly, Mariner hereby gives notice that the arbitration proceedings have been finally resolved, and moves this Court for an order confirming the Award and entering final judgment in Mariner's favor. Counsel for Plaintiff does not object to the relief Mariner is requesting in this motion.

## LEGAL ARGUMENT

Mariner is entitled to a final judgment confirming the Award pursuant to section 9 of the FAA, which states in pertinent part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9.

The parties' arbitration agreement provides that "judgment upon the award rendered by the Arbitrator(s) may be entered in any court having jurisdiction thereof." (See attached; see also DE 25-2, last page.) This Court has general jurisdiction over the parties and entered an order referring Plaintiff's claims to arbitration in the first instance. (See DE 38.) Moreover, the ensuing arbitration proceedings were conducted, and the Award was entered, in this this District. Accordingly, this Court has jurisdiction to confirm the Award and enter final judgment in Mariner's favor pursuant to section 9 of the FAA. 9 U.S.C. § 9; see also Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.,

2

120 S. Ct. 1331 (2002) (recognizing that "a court with the power to stay an action under § 3 [of the FAA] also has the power to confirm any ensuing arbitration award").

The Award is "presumptively correct" and has not been vacated, modified, or corrected. E.g., Lifecare Intern., Inc. v. CD Medical, Inc., 68 F.3d 429 (11th Cir. 1995) ("[T]he award is presumptively correct, and will be vacated only if there is no ground whatsoever for the Panel's decision.") (internal citations omitted). As a result, confirmation of the Award is mandatory. V5 Investments, LLC v. GoWaiter Bus. Holdings, LLC, 2010 F.Supp.3d 1329 (M.D. Fla. 2016) ("[C]onfirmation is mandatory unless the arbitration award is vacated, modified, or corrected, or unless the moving party fails to file its motion within the time required.")

WHEREFORE, Mariner respectfully requests that this Court enter an order granting this motion, confirming the Award, entering final judgment in favor of Mariner, and granting Mariner such other and further relief as the Court deems just and proper.

>*/s/ John P. Gaset, Esq.*
>Robert E. Sickles, Esq.
>Florida Bar. No. 167444
>John P. Gaset, Esq.
>Florida Bar No. 98415
>**NELSON MULLINS BROAD AND CASSEL**
>100 North Tampa Street, Suite 3500
>Tampa, FL 33602
>Telephone: 813-225-3020
>Facsimile: 813-225-3039
>Primary: robert.sickles@nelsonmullins.com
>Primary: john.gaset@nelsonmullins.com
>Secondary: kim.novak@nelsonmullins.com
>Secondary: jessica.lovins@nelsonmullins.com
>*Counsel for Defendant Mariner Finance, LLC*

3

## CERTIFICATE OF COMPLIANCE

In accordance with Local Rule 3.01(g), I hereby certify that I have conferred with counsel for Plaintiff, Timothy L. Dave, Esq. regarding the contents of this motion. Mr. Dave does not object to final judgment confirming the Award being entered pursuant to section 9 of the FAA.

*/s/ John P. Gaset, Esq.*
John P. Gaset, Esq.
Florida Bar No. 98415

## CERTIFICATE OF SERVICE

I certify that on April 1, 2019, the foregoing was electronically filed with the Clerk of Court using the CM/ECF electronic filing system which electronically notifies the following:

>Franklin G. Cosmen, Jr.
>Quintarios, Prieto, Wood & Boyer, PA
>9300 S. Dadeland Blvd
>4th Floor
>Miami, FL 33156
>fcosmen@qpwblaw.com

>Timothy L. Dave, Esq.
>The Law Office of Timothy L. Dave, P.A.
>P.O. Box 951535
>Lake Mary, FL 32795
>timothydavelaw@yahoo.com

*/s/ John P. Gaset, Esq.*
John P. Gaset, Esq.
Florida Bar No. 98415